## ABRAHAMS *a.* MITCHELL.

*Supreme Court, First District; Special Term, March,* 1859.

### SERVICE, PROOF OF.—PUBLICATION.

When an order for service of summons upon a non-resident by publication is obtained, if personal service out of the State is effected, it is unnecessary to proceed to make publication, and to deposit summons in the post-office. A personal service takes the place of those steps.

But *it seems* that the twenty days within which to answer, does not commence to run until the expiration of the time for publication, as directed by the order.

Motion to vacate judgment and sale in foreclosure.

This was an action commenced for the foreclosure of a mort-
gage on property situated in the city and county of New York.
The defendants, Louis Mitchell and Joanna Caroline Mitchell, are
non-residents of the State of New York, and residents of the
State of New Jersey. On the 26th of June, 1858, an order
under section 135 of the Code was obtained from one of the
justices of the Supreme Court, authorizing the service of the
summons and complaint on defendants Mitchells by publication,
and deposit in the post-office : the summons and complaint
were alleged to be personally served on defendants Mitchells
on the 1st day of July, 1858 : the summons was not published,
nor a copy of the summons and complaint deposited in the post-
office. On the 30th day of September an order of reference
was obtained on default of an answer or appearance on the part
of defendants Mitchells. Judgment was entered up, and the
property advertised and sold.

The defendant Joanna C. Mitchell now moved to set the judg-
ment of foreclosure and sale aside, on the ground that the per-
sonal service of a summons and complaint in another State is
irregular and of no effect, even after an order of publication
had been obtained; and also that the summons was not actually
personally served, and on the ground that the property brought
an inadequate price ; but the chief point raised was as to the
right to serve a summons out of the State, without publishing
the summons after an order to that effect has been obtained.

*James M. Smith, Jr.*, for motion.
*Beebe, Dean & Donohue*, opposed.

INGRAHAM, J.—The defendant Mitchell was a non-resident,
and proceedings were commenced against her as such to fore-
close a mortgage. After the order of publication was obtained, the
summons and complaint were alleged to have been served per-
sonally on the 1st of July, 1858, in New Jersey :

The publication and deposit of a letter in the post-office was
omitted, and judgment was entered in October, 1858 : the order
of reference was made on 30th September, 1858 :

The question is submitted on this motion, whether the publica-
tion of the commencement of the action and the deposit of notice
in the post-office is rendered unnecessary by the personal ser-

Abrahams a. Mitchell.

vice of the summons and complaint on the defendant out of the State.

The words of the statute are, " personal service of a copy of the summons and complaint out of the State is equivalent to publication and deposit in the post-office." The natural and ordinary understanding of this provision is, that personal service out of the State takes the place of publication and deposit in the post-office : the object of the publication, as well as of the notice by mail, is to inform the defendant that the action has been commenced.

This becomes unnecessary, if the defendant obtains the notice in any other way. By personal service out of the State of the summons and complaint, it cannot be doubted that the defendant is more certainly informed of the commencement of the action, than she would have been by a publication in the paper which she might never see, or by a letter in the post-office which she might never receive.

The case of Litchfield a. Burwell (5 How. Pr. R., 346) holds that personal service out of the State merely dispenses with the service by mail, and that the order for publication and actual publication is still necessary.

In Tomlinson a. Van Vechten (1 Code R., N. S., 317), the contrary was held, and it was there decided that personal service out of the State was equivalent to the publication of the summons, and deposit of the summons and complaint in the post-office.

The latter seems to me to be in accordance with the statute. Where the defendant is out of the State, no jurisdiction over him can be obtained except by virtue of the provisions. The statute, therefore, must be strictly followed. This provides that when the debtor resides out of the State, the service may be made by publication. (Code, § 135.) This service is not complete until the time of publication as directed by the order has expired. From that time the defendant has 20 days to appear and answer, and after the 20 days have expired, the plaintiff may take judgment.

The statute there provides an equivalent for the publication and deposit in the post-office; but the rest of the proceeding must be under this section. The plaintiff may publish and deposit the copy, summons, &c., in the post-office, or he may

adopt the equivalent for the publication and deposit by a personal service of the summons and complaint out of the State; but in either case this only completes the service of the process; and by section 137 in both cases, whether of publication or service out of the State, the service is to be deemed complete only at the expiration of the time prescribed by the order of publication.

The time to answer only commences when the service is complete, and it follows therefore necessarily that in both cases the time for appearance and for answering does not expire until 20 days after the service is perfected.

As to the service in New Jersey, the affidavits are of a conflicting character. The referee to whom the case was referred, has found that the papers were served on the 1st of July. I am inclined to concur with him in that conclusion, because the weight of the evidence from disinterested persons is against the defendant. She might have shown by persons who saw her in New York on that day, that she was not in New Jersey, if such were the case, and her son's affidavit admits that the papers were delivered to her on her return from New York the same day.

I feel constrained to deny this motion, because neither of the grounds on which it is made is tenable.

In doing so, however, I am not disposed to conclude the defendant, if on further examination, she can establish her absence from New Jersey on the day the summons was alleged to be served.

The circumstances detailed by her disclose a hard case, but one from which it is difficult to relieve the defendant on account of her own laches.

Had the motion been made at once, she might have been relieved, but after waiting till the property has been sold, and has passed by conveyance to third parties, it seems to be very late to apply for relief.

The motion is denied, with $10 costs, without prejudice to a renewal of the motion on the ground of want of service of process, if so advised.