BUFORD *v.* NEW YORK IRON MINE *et al.*

*(Superior Court of New York City, General Term.* May 7, 1888.)

1. WRITS—SERVICE WITHOUT THE STATE—PUBLICATION.
   Under Code Civil Proc. N. Y. § 440, providing that an order directing service of the summons without the state or by publication must direct service by publication, or, at the option of the plaintiff, by personal service without the state, and must also direct the mailing of copies, etc., an order for personal service without the state, which contains no direction for publication, should be vacated.

2. APPEAL—REVIEW—OBJECTIONS WAIVED.
   An objection to an order to show cause that it does not fix the time for its service, as required by Code Civil Proc. § 780, is waived by an adjournment and subsequent argument upon the merits.

Appeal from special term; TRUAX, Judge.

In this action of Richard G. Buford against the New York Iron Mine and others an order authorizing personal service without the state was made, which contained no direction as to publication. An order to show cause why it should not be set aside was made, but this order did not fix any time for its service, and a preliminary objection was made on that ground. The hearing was adjourned, and the motion was afterwards argued on the merits, the special term rendering the following opinion, vacating the first order: "I think that the preliminary objection has been waived by the adjournment. Section 440 is mandatory, and must be complied with in order to give the court jurisdiction. It differs somewhat from section 135 of the old Code, and for this

reason, *Abrahams* v. *Mitchell*, 8 Abb. Pr. 123, is not an authority; nor is *Weil* v. *Martin*, 24 Hun, 645, an authority for plaintiff. In the *Weil Case* the plaintiff simply did not wish to avail himself of the option given by section 440, and therefore did not put into the order the provision for personal service." Plaintiff appeals. Code Civil Proc. § 438, provides that "an order directing the service of the summons upon a defendant without the state, or by publication, may be made in either" of the cases therein enumerated. Section 439 relates to the papers on which the motion shall be heard, and section 440 provides: "The order * * * must direct that service of the summons * * * be made by publication thereof in two newspapers, * * * for a specified time, * * * not less than once a week for six successive weeks; or, at the option of the plaintiff, by service of the summons, and of a copy of the complaint and order, without the state, upon the defendant. * * * It must also contain either a direction that on or before the day of the first publication the plaintiff deposit in a specified post-office one or more sets of copies of the summons, complaint, and order, each contained in a securely closed post-paid wrapper, directed to the defendant, at a place specified in the order, or a statement that the judge, being satisfied by the affidavits upon which the order was granted that the plaintiff cannot with reasonable diligence ascertain a place or places where the defendant would probably receive matter transmitted through the post-office, dispenses with the deposit of any papers therein." Section 780 provides that notice of motion shall be eight days, "unless the court, or a judge thereof, * * * makes an order to show cause, * * * and in the order directs that service thereof less than eight days before it is returnable be sufficient."

Argued before SEDGWICK, C. J., and O'GORMAN and FREEDMAN, JJ.

*Roger M. Sherman*, for appellant. *Barlow & Wetmore*, for respondents.

FREEDMAN, J. As both parties have conceded that an adjournment of the motion was had, and that the motion was argued below on the merits, the preliminary objection raised below should not be considered on the present appeal. The merits of the motion depend upon the construction of section 440 of the Code of Civil Procedure. The point that the order which was vacated contained no direction whatever as to a publication of the summons, but only an authorization for personal service without the state, was passed upon in *Ritten* v. *Griffith*, 16 Hun, 454, and decided adversely to the appellant. The case referred to was distinguished in *Weil* v. *Martin*, 24 Hun, 645, and in *O'Neil* v *Bender*, 30 Hun, 204, but it has never been overruled. If the point had never been squarely passed upon, I perhaps could persuade myself to reach a different conclusion. But it has been expressly decided by a general term of the supreme court, and no sufficient reason has been shown why this court should not follow the decision then and there made. The question is a close one, and it can be set at rest only by the court of appeals, and it should be submitted to that tribunal for final determination. *Abrahams* v. *Mitchell*, 8 Abb. Pr. 123, arose under section 1357 of the former Code, the language of which differed from the language of section 440 of the Code of Civil Procedure. The order appealed from should be affirmed, with $10 costs and disbursements.

SEDGWICK, C. J., and O'GORMAN, J., concur.

