## PROVIDENCE COUNTY.

RHODE ISLAND HOSPITAL TRUST COMPANY *vs.* FRANK F. OLNEY *et al.*

A testator in one clause of his will gave legacies to four named institutions, educational and charitable, and in the next clause provided for a trust fund, of which one fourth should be " given to educational institutions similar to those mentioned " in the preceding clause, and one fourth should be " given to charitable institutions similar to those mentioned " in the preceding clause.

*Held,* that the institutions mentioned in the preceding clause ought not to share in the trust fund.

On exceptions to a master's report the court gave its opinion as to what institutions were similar to those mentioned, *i. e.* The Rhode Island Hospital, a Home for Aged Men, The Children's Friend Society, and Brown University, and advised the trustee to distribute the fund so that some part should go to some institution or institutions subject to the jurisdiction of this court in each of the three classes of charitable institutions reported by the master.

BILL IN EQUITY to obtain a judicial construction of parts of the will of Stephen T. Olney, and for instructions.   On exceptions to the master's report.

The former proceedings in this case are reported in 14 R. I. 449, where such parts of the will as are involved in the present questions before the court are printed.

*February* 18, 1888.   PER CURIAM.   This is a suit in equity instituted by the complainant, as executor and trustee under the will of the late Stephen T. Olney, for instructions in regard to its duties under the 14th article of the will.   The 14th article makes

reference to the 13th, and cannot be construed apart from it.   By the 13th article the testator bequeaths $4,000 to the Rhode Island Hospital for the endowment of a free bed ; $25,000 to any institution that may be established as a home for aged men ; $10,000 to the Children's Friend Society ; and $10,000 to Brown University for the increase of plants and botanical books, and $25,000 to it for the endowment of a professorship of natural history.   These sums were directed to be paid out of the income of property held in trust under the will by the complainant, as trustee, for the purposes of the will, and were so paid.   The 14th article disposes of the remainder of said trust property in quarters, two quarters to relatives, and the remaining two quarters as follows, to wit : " One quarter . . . to educational institutions similar to those mentioned in article thirteen, and the remaining quarter to charitable institutions similar to those mentioned in article thirteen." The questions presented by the bill relate to this clause.   This court decided at a former term, *R. I. Hospital Trust Co.* v. *Olney*, 14 R. I. 449, that the clause was not void merely on account of indefiniteness, and sent the case to a master to make inquiry and report what institutions there were in the State qualified, or claiming to be qualified, to take under it, together with information on certain points in regard to them.   The master has reported, and certain other questions now come up under the report for decision.

The first question is, whether the institutions which are legatees under article 13 are capable of becoming legatees under article 14. We think not.   Under article 14 the bequests purport to be made, not to them, but to institutions similar to them.   A thing cannot, strictly speaking, be similar to itself ; for similarity is not identity, but resemblance between different things.   The question, however, is not a question of definition, since men do not always express themselves accurately, but of intention.   What did the testator intend ?   If he intended to include the institutions named as legatees in article 13 among the institutions designated as similar to them in article 14, and has given testamentary expression to such intention, such institutions should have the benefit of it, however incorrectly, as a matter of verbal criticism, it may have been expressed ; but, inasmuch as things are not similar to

themselves, it seems to us that it is for said institutions to make it appear that such was the intention. We do not think they have been successful in their attempts to do this. The great difficulty is that, having been named as objects of the testator's bounty under article 13, they are referred to in article 14 as objects of comparison to guide the selection of the executor, and it is a strained and far fetched construction, a going out of the way, to hold that they are themselves proper objects for selection. The substance of the argument in their favor is, that the same reason which led the testator to wish to benefit institutions similar to them must necessarily have led him to wish to benefit them, and, therefore, they should be included among institutions qualified to take under article 14. There would be great cogency, perhaps a convincing cogency, in this argument if the testator had not already given largely to them in article 13, but, having so given, it seems to us that the argument recoils upon itself. If the testator had intended to include them under article 14, it would have been natural for him to say so in so many words. It is not enough that he may have intended to include them, if his will leaves the intention unrevealed.

The master reports in favor of only two educational institutions as similar to Brown University, namely, the Friends' School, so called, in Providence, an institution which is under the charge of a corporation denominated " The Yearly Meeting of Friends in New England ; " and the East Greenwich Academy, an incorporated educational institution. It is objected that these institutions are not similar to Brown University because they are not colleges. They are, however, institutions of learning, like Brown University, supplying instruction in the higher branches of education, and, like Brown University, enabled to supply it at less than it would otherwise cost, by reason of the endowments bestowed upon them, though it is true the studies taught by them are narrower in range and lower in grade, to some extent, than those which are taught in Brown University. They are also, like Brown University, managed by corporations capable of taking the bequests, and holding them for educational purposes in perpetuity, though the corporation managing the Friends' School was not incorporated exclusively for that purpose. It seems to us that

the resemblances between these institutions and Brown University are such that they may justly be held to be similar to it within the meaning of article 14. They resemble it in matters of instruction and endowment, and in that they are incorporated or are under corporate management, and these are the principal points to be looked to for similarity. It was apparently the purpose of the testator to advance the higher education of the people of his native State, and we think we are deciding in furtherance of this purpose when we decide in favor of the institutions named.

¶There is a feature of the management of the Friends' School which has caused us some perplexity. It appears that the managers make a difference between the children of Friends, so called, and the children of those who are not Friends. The difference is greatly in favor of the children of Friends, and so greatly in their favor as to have the appearance of sectarian exclusiveness. The managers have not succeeded in explaining away this appearance to our satisfaction. We have come to the conclusion, however, that the feature is not such as necessarily to exclude the institution from participation under article 14, though it is something which the complainant may properly consider in determining what or how much it will do in its behalf.

The master reports the names of other institutions claiming to be qualified to take under article 13 as educational institutions similar to Brown University, and the grounds of their claims. We do not think the grounds sufficient.

The master reports in favor of the following institutions as similar to " The Home for Aged Men," to wit: " The Home for Aged Women," " The Home for the Aged of the Little Sisters of the Poor." The first of the two latter institutions is designed to be, what its name indicates, a home with suitable care for aged women who on account of their poverty or straitened means would suffer from want or neglect, or both, without it. The other is designed to furnish a similar home for aged and needy persons of both sexes. It is objected that the first is not similar to The Home for Aged Men because it affords a home only to aged women. We do not think there is much force in the objection. Of course an aged woman is physically different from an aged man, but as objects of charity, when they are poverty stricken, falling

into decrepitude, and destitute of home and of the attentions and comforts of home, they are pathetically similar. We concur in opinion with the master in regard to these two institutions.

The master reports in favor of " The Saint Elizabeth Home," " The Butler Hospital for the Insane," " The Rhode Island Lying-in Hospital," " The Rhode Island Homœopathic Hospital," and the " Newport Hospital," as similar to the " Rhode Island Hospital." The location of the first four is Providence, of the last Newport. Some question has arisen in regard to the " Rhode Island Homœopatic Hospital," because, though chartered before, it was not completely organized until more than two years after the testator's death. We think it is enough, the bequest being to charitable uses, that said hospital is now fully organized and in operation, and will therefore be ready to receive and make immediate use of whatever may be allowed to it.

· The master reports in favor of the following institutions as similar to the " Children's Friend Society," to wit: " The Rhode Island Catholic Orphan Asylum " and " The Providence Association for the Benefit of Colored Children," of Providence ; the " Saint Mary's Orphanage," of East Providence ; " The Bristol Home for Destitute Children " and " The Home for Friendless and Destitute Children," of Newport. We agree with the master that said institutions are similar to the Children's Friend Society, and as such are qualified to be recipients under article 14.

The master reports the names of several institutions which claim to be similar to one or other of the charitable institutions named in article 13 in favor of which he has not reported. He reports the grounds of their claims. We do not think the claims are valid, and we disallow them.

We think the institutions which are selected as recipients under article 14 should be subject to the jurisdiction of this court, and should therefore be located somewhere in the State, but not necessarily in Providence.

In answer to the fourth question propounded by the bill, we say that it is for the complainant as trustee to select from among the qualified institutions those which are to become recipients under article 14. The fund to be distributed must be divided into two equal parts. One part must be given to qualified educational in-

stitutions, not necessarily in equal shares and not necessarily to both, the selection within the limits specified and the apportionment being both left to the judgment of the trustee. The other part must go to proper charitable institutions. It will be for the trustee to select the institutions to which it shall go, and to determine in what proportion it shall go to them, except that we advise that some portion should go to one or more of the institutions in each of the three classes; such distribution being, even if not necessary, apparently accordant with the purposes of the testator.

*James Tillinghast*, for complainant and for the Friends' School of Providence.

*Charles S. Bradley, J. C. B. Woods & Walter F. Angell*, for Brown University.

*Joseph C. Ely*, for the Home for Aged Men.

*Charles Hart*, for the Rhode Island Hospital.

*Benjamin T. Eames & J. C. B. Woods*, for the Children's Friend Society.

*Charles E. Gorman*, for the Rhode Island Catholic Orphan Asylum, and for the Home for the Aged of the Little Sisters of the Poor.

*William H. Clapp*, for the Rhode Island School of Design.

*Charles P. Robinson & John F. Lonsdale*, for the Home for Aged Women.

*Francis Colwell & Walter H. Barney*, for the Bristol Home for Destitute Children, for the Rhode Island Homœopathic Hospital, and for the East Greenwich Academy.

*Darius Baker*, for the Newport Hospital, and for the Home for Friendless and Destitute Children of Newport.