Filed April 22, 1891.

---

No. 15,027.

## JOHNSON, TRUSTEE, *v.* JOHNSON ET AL.

WILL.—*Construction of.*—*Joint-Tenancy.*—Where it was provided in a will bequeathing all of the testator's personal property to two of his granddaughters, that the property should be held in trust for said children until they became of lawful age, and that if they should die without any children of their own, the property should go to his three sons, naming them, the share of one of the devisees, who died intestate un-

der the age of twenty-one years, unmarried and without a child or children of her own, passed to the three sons of the testator. There is nothing in the will to indicate that it was the intention of the testator that the survivor should take the whole estate on the death of one of the granddaughters, or that the interest of the deceased granddaughter should descend to her heirs. Under the statutes of Indiana, property held by two or more persons as joint tenants does not go to the survivor, unless it is so expressly stipulated in the instrument creating the estate.

From the Fayette Circuit Court.

*J. I. Little* and *D. W. McKee,* for appellant.

COFFEY, J.—This was an action brought by the appellant to obtain a construction of the last will of Lawrence Johnson, deceased.

The will in question bequeaths to Edna Dearmond and Ella Dearmond, granddaughters of the deceased by an only daughter, all his personal estate, and appointed the appellant, Othniel Johnson, their uncle, as trustee, to hold and manage their property until they reach the age of twenty-one years. The controversy arises out of the following clause in said will:

" But to be held in trust for said children until they become of lawful age, and (if) they die with any children of their own their said property shall go to my three sons, John L. Johnson, Othniel Johnson and Lawrence Johnson."

Edna Dearmond died intestate under the age of twenty-one years, unmarried and without child or children of her own.

The appellant, at the time of her death, had in his hands, as trustee, about the sum of $2,600. Being in doubt as to whether one-half the sum in his hands belonged to the sons of the deceased or to Ella Dearmond, the sister of Edna, he brought this suit to determine the rights of the parties in interest.

At the request of the appellant the court made a special finding of the facts, from which it appears that Edna and

Ella Dearmond are the only children of a daughter of the deceased, and that the clause above set out contains a clerical error. Instead of reading " with any children of their own," the clause should read, " *without any children of their own.*"

The court stated, as a conclusion of law, from the facts found, that one-half the sum in the hands of the appellant at the time of the death of Edna Dearmond went to the sons of Lawrence Johnson, deceased, under the terms of the above will.

It is contended by the appellant, who is one of the sons, that in this conclusion the court erred, and that upon the death of Edna Dearmond her interest vested in her sister Ella Dearmond as the survivor.

There is no brief on file for the appellees and we are, for that reason, without information as to their views upon the question presented for our consideration.

It is earnestly contended by the appellant that upon the death of Edna Dearmond her interest in the fund in controversy went to her sister Ella Dearmond by survivorship, and must remain there, unless she shall die without children of her own.

Under the rules of the common law it was important to know whether a devise, or bequest, to two or more persons created a joint estate, or an estate in common, for if the estate was joint, the survivor took the whole ; but if the estate was one in common, the whole did not go to the survivor. And the decided weight of authority is, that a devise to two or more persons simply makes the devisees joint tenants, and this is true whether the devise be made to a trustee, or otherwise. 3 Jarman Wills, p. 4, and authorities cited.

The law of Joint Tenancy, however, is now of little importance in the United States, as it has been abrogated by statute in nearly all States in the Union. Among the States converting joint estates into estates in common, or modifying the doctrine of survivorship by statute, are found Geor-

gia, Ohio, Oregon, Tennessee, Alabama, Arkansas, Colorado, Illinois, Florida, North Carolina, Pennsylvania, South Carolina, Texas, Virginia, West Virginia, and Kentucky. Freeman Co-Tenancy and Partition, section 35.

In the case of *Whittlesey* v. *Fuller*, 11 Conn. 337, the Supreme Court of Connecticut denounced the doctrine of survivorship as odious and unjust, and without any statute upon the subject refused to enforce it. Indeed, the courts, both in England and this country, have long regarded the doctrine of survivorship with disfavor, and have not enforced it except in plain cases where there was no legal means of escape. Freeman Co-Tenancy and Partition, *supra*.

Our statute upon the subject now under consideration, section 6060, R. S. 1881, is as follows: " The survivor of persons holding personal property in joint tenancy shall have the same rights only as the survivor of tenants in common, unless otherwise expressed in the instrument."

Under this statute, property held by two or more persons as joint tenants does not go to the survivor, unless it is so expressly stipulated in the instrument creating the estate. As there is no provision in the will now under investigation which indicates an intention on the part of the testator that the survivor should take the whole estate on the death of one of his granddaughters, we are of the opinion that Ella Dearmond did not take the interest of her sister, upon her death, as the survivor.

Nor do we think such interest descended to the heirs of Edna Dearmond upon her death. It was the intention of the testator, we think, that his sons named in the will should take her interest in the event she should die without children of her own. Of course it was impossible that the two granddaughters of the testator should jointly have children of their own, and as there is no provision for either to take from the other as survivor, the only reasonable construction of the will is, that it was his intention if either should die

without children, the interest of the one so dying should vest in the three sons named in the will.

In our opinion, the circuit court did not err in its conclusions of law.

Judgment affirmed.

Filed April 22, 1891.