THIEME ET AL. v. UNION TRUST COMPANY ET AL., ADMINISTRATORS.

[No. 4,702.    Filed March 8, 1904.]

WILLS.—*Survivorship.*—*Construction.*—Testatrix by item four of her will gave one-fifth of her estate, which included certain corporate stock, to her two grandsons. Item six provided that in case either of said grandchildren should die before testatrix then his share should go to the survivor. By item eleven testatrix expressed the desire that the grandchildren should have nothing to do with the management of the corporation, and appointed her son trustee to take charge of the interest bequeathed to the grandchildren and "pay to them respectively, or to the survivor thereof, annually, their proportionate share of the dividends declared on said stock." *Held*, that upon the death of testatrix the title to one-fifth of the stock vested in the grandsons, they

both surviving testatrix; that the word "survivor" used in item eleven refers to a condition that might have arisen under item six of the will; that the right of survivorship to the title to the one-fifth of the stock which vested in the grandsons at the death of testatrix was not in any way created or expressed by the will, and that upon the death of one of the grandsons one-half of the stock so bequeathed to them became a part of his estate, and within the control and management of his legally appointed administrator.

From Clinton Circuit Court; *J. V. Kent*, Judge.

Action by the Union Trust Company, and another, administrators of the estate of John Thieme, deceased, against John H. Thieme, trustee, and others. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*A. L. Kumler*, *T. F. Gaylord* and *A. O. Behm*, for appellants.

*J. E. McCullough* and *A. N. Wilson*, for appellees.

HENLEY, C. J.—This action was commenced by appellees, the administrators of the estate of John Thieme, deceased, against appellants, John Henry Thieme, trustee under the will of Elizabeth Thieme, deceased, Edward Thieme, and the Thieme & Wagner Brewing Company. The action was to recover 148 shares of the capital stock of the Thieme & Wagner Brewing Company, which were held by the appellant John Henry Thieme in trust for the appellant Edward Thieme and John Thieme, appellees' intestate decedent. The appellant Edward Thieme was made a party defendant to this action in order that his interest, if any, in said capital stock might be determined; and the Thieme & Wagner Brewing Company was made a party defendant in order that the court might compel, by its judgment, such company to issue to appellees the stock claimed by them, in case the judgment of the court was in appellees' favor. The appellant Edward Thieme filed a cross-complaint against appellees and his co-appellants, in which he claimed to be the owner of the 148 shares in the brewing company claimed by appellees. In this cross-com-

plaint the will of Elizabeth Thieme, deceased, was set forth in full; the said Edward Thieme claiming that by the terms of said will he was the owner of the capital stock of said brewing company which is here in controversy. Upon motion of the appellees the venue of this cause was changed to the Clinton Circuit Court. The issue tried was made by answers of general denial filed by the defendants to both the complaint and the cross-complaint. The cause was tried by the court. The facts were found specially, and conclusions of law stated thereon.

The only error assigned in this court is that the trial court erred in its conclusions of law on the special finding of facts.

The facts found which are necessary to a proper determination of this case were the following: Elizabeth M. Thieme, a widow, died on the 29th day of April, 1895, and left surviving her as her sole and only heirs at law her sons, John Henry Thieme, Charles C. Thieme, and Frederick Thieme, and a daughter, Sophia Zumpe, and two grandchildren, Edward Thieme and John Thieme, sons of her predeceased son, William Thieme; that at the time of the death of the said Elizabeth neither of her grandchildren, Edward and John Thieme, were or ever had been married; that on the 26th day of December, 1891, the said Elizabeth executed her last will and testament, and after her death, to wit, on the 15th day of May, 1895, the said will was duly probated and recorded in the proper records of Tippecanoe county, and said will ever since has been and still remains in full force. Item four of said will was as follows: "Item 4. I give, devise, and bequeath to my children, Charles C. Thieme, Sophia Zumpe, John Henry Thieme, Frederick Thieme, and my grandchildren, Edward Thieme and John Thieme, children of my son William Thieme, deceased, all of the remainder of the real and personal property of which I may die siezed or possessed; the said grandchildren both together receiving the undi-

vided one-fifth part thereof. And in case my said son Charles C. Thieme should die without issue, then at his death one-third of the amount bequeathed to him hereby shall go to his wife, Frances, and the other two-thirds shall be divided among my other children and grandchildren, sons of my son William, as in this item heretofore provided. And the share bequeathed by this clause to my said daughter Sophia Zumpe is made subject to the provisions contained in item ten of this will." "Item 6. And in case either of said grandchildren should die before my death, then his share shall go to the survivor; and in case both of said grandchildren shall die before I do, then the share, which under this will would go to said grandchildren or surviving grandchild, shall be divided among my surviving children, if living, or their children, should they be dead. Item 7. I direct that in the distribution of the personal property each of my children and said grandchildren, Edward and John Thieme, shall have its proportionate share of the stock owned by me in the Thieme & Wagner Brewing Company, the shares of stock in said brewing company, which by this clause shall go to my daughter, Sophia Zumpe, shall be subject, however, to the conditions and stipulations contained in item ten of this will, and the shares of stock in said brewing company which by this clause shall go to my grandchildren, Edward and John Thieme, shall, however, be subject to the conditions and stipulations contained in item eleven of this will." "Item 11. While I desire that my grandsons, Edward Thieme and John Thieme, shall have their full share of the stock in the Thieme & Wagner Brewing Company, viz., together an undivided one-fifth thereof, yet I do not desire that they shall have anything whatever to do with the control or management of the business of said company. I therefore appoint my son John Henry Thieme a trustee for said Edward and John Thieme, and hereby fully authorize and empower him to take charge of their part of the

stock in said brewing company, and vote and control the same in the interest of said company, and that he pay to them respectively, or to the survivor thereof, annually, their proportionate share of the dividends declared on said stock."

That John Henry Thieme, who was named by the testatrix as the executor of her will, duly qualified and took upon himself the administration of said trust, and was by the circuit court of Tippecanoe county appointed trustee under said will for John and Edward Thieme, and has since such appointment, to wit, since the 7th day of October, 1895, continued to act as said trustee; that at the time of the death of the said Elizabeth she was the owner of 1,480 shares of the capital stock of the Thieme & Wagner Brewing Company, a corporation organized under the laws of the State of Indiana; and that 296 shares of said stock is the amount that came into the possession of said trustee under items seven and eleven of said Elizabeth's will as the property here in trust for her grandchildren, Edward and John Thieme; that after the death of the said Elizabeth, and after said John Henry Thieme had qualified as trustee under item eleven of said will, the said Thieme & Wagner Brewing Company issued to said trustee two certificates of stock in said company, each of said certificates being for 148 shares of its capital stock, one of said certificates being numbered twenty-five, and certifying that John Henry Thieme, as trustee of Edward Thieme, is the owner of 148 shares of the capital stock of the said brewing company, and one certificate numbered twenty-six certifying that said John Henry Thieme, as trustee of John Thieme, is the owner of 148 shares of the capital stock of said brewing company; that the said Edward Thieme had no knowledge, prior to the commencement of this action, that the stock held by John Henry Thieme as trustee was represented by separate certificates; that neither the said John Thieme nor Edward Thieme, grandchildren of the said Elizabeth, deceased,

made any disposition during the lifetime of John Thieme of the stock, or any part of it, owned by them in said brewing company and willed to them as aforesaid by the said Elizabeth Thieme, deceased; that the said John Thieme, grandson of said Elizabeth, was married on the 17th day of October, 1900, to Lillian May, now Lillian May Thieme, one of the appellees herein; and that the said John died in Marion county, Indiana, on the 15th day of August, 1901, intestate, and leaving surviving him, as his only heir at law, his widow, Lillian May Thieme; that on the 30th day of August, 1901, the said Lillian May Thieme and the Union Trust Company of Indianapolis were, by the Marion Circuit Court, appointed administrators of the estate of the said John Thieme, deceased, and qualified and gave bond, and have ever since been acting as administrators of the estate of said decedent; that after the appointment and qualification of said administrators, and before the commencement of this action said administrators made demand upon each of the defendants to this action that they claimed on behalf of said decedent's estate one-half of the 296 shares of stock held by John Henry Thieme, as trustee, in trust for Edward and John Thieme, and demanded that such steps be taken as would cause to be issued to them a proper certificate from said brewing company showing the ownership of 148 shares of said stock in the estate of John Thieme, deceased, represented by appellees herein.

The court's conclusions of law upon the facts found were that appellees, as the administrators of the estate of John Thieme, deceased, were entitled to have the title to 148 shares of the stock in the Thieme & Wagner Brewing Company held by John Henry Thieme, as trustee, quieted in them as the legal representatives of said John Thieme's estate, for the use and benefit of said estate, and that the said John Henry Thieme, as trustee, should transfer to appellees for the use and benefit of said John Thieme's estate 148 shares of said capital stock in said brewing com-

pany, and that he should execute all necessary papers and do all things necessary on his part to transfer and vest the title of said stock in the appellees. Judgment was accordingly so rendered.

Briefly stated, the question involved in this appeal is as follows: By the will of Elizabeth M. Thieme she disposes of 1,480 shares of stock in the Thieme & Wagner Brewing Company, owned by her at the time of her death. Two hundred ninety-six shares of this stock were given to her grandchildren, John and Edward Thieme. The interests of said grandsons in this stock were equal. It is the claim of appellees that at the death of Elizabeth M. Thieme, their decedent, John Thieme became the absolute owner of one-half of the 296 shares of stock, and that by his death the trust created by item eleven of the will of Elizabeth M. Thieme was dissolved as to the said John's estate, and that they, as his administrators and legal representatives, are entitled to a judgment that the 148 shares in said brewing company is the property of the estate of their decedent. The appellant Edward Thieme claims that as the survivor of said grandsons he is the owner of the whole of said 296 shares. This is the whole question in the case.

It is statutory law in this State (§8136 Burns 1901) that "the survivors of persons holding personal property in joint tenancy shall have the same rights only as the survivor of tenants in common, unless otherwise expressed in the instrument." In the case of *Johnson* v. *Johnson,* 128 Ind. 93, the court, in reference to the effect to be given to the above quoted statute, said: Under this statute, property held by two or more persons as joint tenants does not go to the survivors, unless it is so expressly stipulated in the instrument creating the estate." Under the statute and the construction given it by the Supreme Court as above cited, the decision of the question presented by

Thieme *v.* Union Trust Co.

this appeal must be based wholly upon a construction of the will; this will being the instrument by which the estate was created. Appellants, in order to sustain their position, must show that the will created a joint tenancy, and, in addition, that the will by its express provisions stipulated that the property so held should go to the survivor.

The right of survivorship in personal property held by joint tenants can not be conferred by implication or inference; it must be clearly expressed by the instrument creating the estate.

By item four of the will in question the grandsons of the testatrix are given, in clear and decisive terms, one-fifth of her estate, which included the stock in the brewing company. In item four no. restriction, condition, or limitation is placed upon the rights of the grandsons in the property so willed to them, nor is any reference made to any subsequent part of the will by which any conditions or limitations are attempted to be imposed. By item six of the will it is made plain that the only event in which the survivor of the two grandchildren should take the whole estate would be the death of one of them during the lifetime of the testatrix. Up to the seventh item of the will the property in controversy is given absolutely, in clear and decisive terms, to the grandchildren, without any expression of an intent to create the right of survivorship after the death of the testatrix.

It is said in *Langman* v. *Marbe,* 156 Ind. 330: "It is the settled law that when an estate in fee simple is clearly given a person, that the estate so given can not be cut down or modified by subsequent clauses in the will, unless the intention to do so is manifest from words as clear and certain as those which gave the fee simple estate." See, also, *Rusk* v. *Zuck,* 147 Ind. 388; *Mulvane* v. *Rude,* 146 Ind. 476, and cases cited. The rule so an-

nounced is alike applicable to personalty and real estate. *Mulvane* v. *Rude, supra; Ross* v. *Ross,* 135 Ind. 367.

It is from item eleven of the will of the testatrix that the controversy has arisen as to the title to one-fifth of the stock in the brewing company. As we view this item of the will, its whole scope and purpose is to appoint a trustee and define his duties and powers. The first part of this item, viz., "While I desire that my grandsons, Edward Thieme and John Thieme, shall have their full share of the stock in the Thieme & Wagner Brewing Company, viz., together an undivided one-fifth thereof, yet I do not desire that they shall have anything whatever to do with the control or management of the business of said company," does not in any way attempt to take away from the grandsons, or either of them, their interest in the stock in the brewing company, but rather confirms in them the interest they had been given under a prior item of the will; the interest so given being the interest, which under the laws of descent would have gone to their deceased father had he been living at the time of the death of the testatrix.

The second and last part of this item of the will, viz., "I therefore appoint my son John Henry Thieme a trustee for said Edward and John Thieme, and hereby fully authorize and empower him to take charge of their part of the stock of said brewing company, and vote and control the same in the interest of said company, and that he pay to them respectively, or to the survivor thereof, annually, their proportionate share of the dividends declared on said stock," appoints the trustee and defines his duty in relation to the one-fifth of the stock in the brewing company. The reference in regard to the duty of the trustee as to the stock and the income therefrom is invariably to the "one-fifth thereof," and their "share of the stock." And it is made the duty of the trustee to pay to each of said grandchildren "respectively" his share of the divi-

dends declared on the one-fifth of the stock in the brewing company specifically devised to said grandchildren. But the testatrix goes further, and provides for a contingency which might have arisen under item six of her will had one of her grandchildren died prior to her death, and extends the provisions of item eleven to the survivor under item six. We believe that the only construction which the intention of the testatrix and the words employed in this will will justify is that the title to the one-fifth of the stock in the brewing company at the death of the testatrix vested in the grandsons, Edward and John Thieme, they both surviving her; that the word "survivor," used in item eleven of the will, refers to a condition that might have arisen under item six of the will; that the right of survivorship to the title to the one-fifth of the stock of the brewing company which vested in Edward and John Thieme at the death of the testatrix was not in any way created or expressed by her will, and, this being true, it is immaterial, under the statute of this State heretofore cited, whether said grandchildren held the stock as tenants in common or as joint tenants; that upon the death of John Thieme, occurring after the death of the testatrix, one-half of the stock in the brewing company devised to Edward and John Thieme by the will of Elizabeth M. Thieme became a part of the estate of John Thieme, deceased, and within the control and management of his legally appointed administrator. The trial court so held.

Judgment affirmed.