McLEAN, Appellant, *v.* MORAN, Respondent.

(No. 2,596.)

(Submitted December 24, 1908.  Decided February 8, 1909.)

[99 Pac. 836.]

*Summons—Service—Nonresidents—When  Complete—Default—*
*Premature Judgment—Vacation.*

> 1.  A nonresident of the state, when personally served with sum-
> mons together with a copy of the complaint, in lieu of publication
> and mailing, after an order of publication has been made  (Revised
> Codes, sec. 6521), has the full period of four weeks and twenty days
> in which to make his appearance; therefore, where a default was
> entered twenty-two days after a nonresident had been so served, the
> judgment was premature, and the action of the court in vacating the
> judgment, on motion for that reason, was correct.

*Appeal from District Court, Silver Bow County; Jeremiah J.*
*Lynch, Judge.*

Action by Winifred A. McLean against Hannah Moran.
From an order vacating a default judgment, plaintiff appeals.
Affirmed.

*Mr. W. F. Davis,* and *Mr. A. J. Rosier,* for Appellant.

*Messrs. Breen & Hogevoll,* for Respondent.

MR. JUSTICE HOLLOWAY, delivered the opinion of the
court.

This action was originally brought against the New York Life
Insurance Company to recover upon a policy of insurance.  The
insurance company appeared and admitted its liability, but set
forth that Hannah Moran, individually and as administratrix
of the estate of Patrick H. McGuire, deceased, claimed the
amount due on the policy, and asked leave to deposit the amount
in court and to have Hannah Moran substituted as defendant.

The order of substitution was made, and plaintiff thereupon redrafted her complaint, and asked for an order for the publication of the summons, as the defendant Moran was a resident of the state of Pennsylvania. The order of publication was made, but, instead of causing the summons to be published and a copy to be mailed, the plaintiff had a copy of the summons, together with a copy of the complaint, served upon defendant Moran in Pennsylvania on April 16, 1908. On May 7, 1908, the default of the defendant Moran was entered for failure of an appearance, and, proof being made, a judgment was rendered in plaintiff's favor. On May 8, 1908, the defendant Moran moved the court to vacate the judgment and set aside the default on the ground that the judgment was premature. This motion was granted, and, from the order granting it, the plaintiff appealed.

But a single question is presented for solution, viz.: When is the service of summons complete upon a defendant residing in another state, in the event a copy of the summons, together with a copy of the complaint, is served in lieu of publication and mailing, when an order of publication has been made? In 1879 our statute read as follows: "When publication is ordered, personal service of a copy of the summons and complaint out of the territory is equivalent to publication and deposit in the post-office, and in either case the service of the summons is complete at the expiration of the time prescribed by the order of publication." (Rev. Stats. 1879, First Division, sec. 74.) In 1887 the statute was changed to read: "In all cases where an order of publication is made, personal service of the summons and a copy of the complaint shall be deemed a compliance with said order and the provisions of this Act. * * * The service of the summons shall be complete on the day the fourth publication shall be made in said newspaper or on the day the said summons and copy of the [same] shall be personally served on the said defendant." (Compiled Statutes, 1887, First Division, sec. 74.) In 1895 the statute was again changed to read as fol-

lows: "When publication is ordered, personal service of a copy of the summons and complaint out of the state is equivalent to publication and deposit in the postoffice. The service of summons is complete on the day of the fourth publication." (Revised Codes, sec. 6521.)

We have not been able to find another statute like our present one above. The statute in force in New York in 1870, and for many years prior thereto, read: "When publication is ordered, personal service of a copy of the summons and complaint, out of the state, is equivalent to publication and deposit in the postoffice." (Voorhies' New York Annotated Code, sec. 135, p. 167.) "In the cases mentioned in section 135, the service of the summons shall be deemed complete at the expiration of the time prescribed by the order for publication." (Section 137.) Speaking of these provisions, the court of appeals of New York, in *Brooklyn Trust Co.* v. *Bulmer*, 49 N. Y. 84, said: "It is held, and we think correctly, in *Tomlinson* v. *Van Vechten*, 6 How. Pr. 199, and in *Abrahams* v. *Mitchell*, 8 Abb. Pr. 123, that, where personal service is thus made out of the state, such service is not complete until the time prescribed for the publication has expired. Section 137 requires the lapse of this time to render the service complete in all the cases mentioned in section 135. It makes no exception where personal service is, pursuant to the same section, substituted for actual publication."

The statute of Idaho is identical with our statute of 1879, and in construing it the court in *Bowen* v. *Harper*, 6 Idaho, 654, 59 Pac. 179, said: "When publication is ordered, personal service of a copy of the summons and complaint out of the territory is equivalent to publication and deposit in the postoffice; and in either case the service of the summons is complete at the expiration of the time prescribed by the order for publication. * * * The qualifying words, 'in either case,' in the last clause of the statute under consideration, relate to both of the modes of serving the summons upon the absent defendant provided for in said statute; i. e., in case of publication of the sum-

mons and in case of personal service out of the state. In the first case the service becomes complete at the expiration of the time prescribed in the order for publication, computing from the date of the first publication, and in the last case it becomes complete at the expiration of such time, computing from the date of making the personal service out of the state.''

These statutes appear so plain that we wonder that any contention could ever arise as to their meaning. For some sufficient reason our legislature in 1887 changed the statute so that in the event a copy of the summons, together with a copy of the complaint, was served out of the state in lieu of publication and mailing, the service was complete on the day the summons and copy of the complaint were served. The provision of 1879 was definite and certain in meaning, as likewise was that of 1887, and we are unable to understand why these or either of them should have been abandoned for the indefinite and uncertain provision of our present Code; but, when the change was made in 1895, we must presume that the legislature intended to establish a different rule, otherwise the provision of 1887 would have been retained. This is a canon of construction recognized generally.

Section 6521, then, provides for two modes of service upon a defendant residing in another state—one by publication and mailing, and the other by delivering to the defendant personally a copy of the summons together with a copy of the complaint. The section then concludes: ''The service of summons is complete on the day of the fourth publication.'' What service? Manifestly the service just mentioned in the preceding portion of the section; that is, the service by publication and mailing or by delivering a copy of the summons together with a copy of the complaint. The word ''equivalent'' means: ''Equal in worth or value, force, power, effect, import and the like.'' (Webster's International Dictionary.) In other words, as a means of giving notice, the service of a copy of the summons, together with a copy of the complaint, is of equal worth with publication and

mailing.    The fact that the provision of the statute of 1887 was abandoned would seem to indicate that the legislative intent was to give to a defendant served out of this state more time for appearance than is extended to one served in this state, and whether that service is made by publication and mailing or by delivering a copy of the summons, together with a copy of the complaint to the defendant personally, the person so served shall have the full period of four weeks and twenty days within which to make his appearance.    This appears to be the object and meaning of the statute, if its meaning can be derived from the language employed, and the purpose to be accomplished.

Under this view the order is correct, and is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.