narrower because of their convergence. The night was dark; there were no lights on the south side of the bridge and, as he advanced, he was unable to see the car tracks and barely able to see the bridge rail. How the accident to the plaintiff happened does not clearly appear from his testimony but was left largely to conjecture. He testified that he was struck from behind by something, he did not know what, and thrown down and bruised. He was not on the car track, and evidently he was not struck by any part of the front of the car. If touched by it at all, it must have been by the projecting side as it passed him. The negligence alleged was that the car was carelessly managed. The only proof in support of this was that it was running rapidly and the gong was not sounded. It was in a suburban section, was brilliantly lighted inside, the headlights were burning, there was no crossing near, and the track in front was clear. There was no occasion to slacken speed or to sound the gong, because there was no danger to anyone crossing the bridge in the ordinary way.

The plaintiff was also properly adjudged to have been negligent in turning from the safe way provided and choosing one that he saw was dangerous.

The judgment is affirmed.

---

# Edwards's Estate.

*Wills—Construction—Reading " and" for " or"—Issue.*

Where testatrix gives her estate, real and personal, to her daughter, providing, however, "should my daughter not be living at the time of my decease or die without lawful issue the estate to be divided between my two sons," the word "or" will be construed to mean "and" and the daughter surviving the mother will take the whole estate absolutely.

Argued Jan. 14, 1910. Appeal, No. 292, Jan. T., 1909, by Fidelity Trust Company, Administrator c. t. a., from decree of O. C. Phila. Co., July T., 1907, No. 190, dismissing exceptions

to adjudication in Estate of Elizabeth S. L. Edwards, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

ANDERSON, J., filed the following opinion:

The testatrix by her will gave the residue of her estate, both real and personal, in trust for the benefit of her daughter, providing, however, "should my daughter Henrietta Lowry Edward not be living at the time of my decease or die without lawful issue, the estate to be divided between my two sons Robert and Francis Augustine Edwards." By a codicil made in 1889, she revoked the provision in relation to the trust, and appointed her daughter executrix of her will.

At the audit a claim was made on behalf of the daughter that the estate vested in her at the death of the mother. The learned auditing judge, without deciding that point, held that as executrix she was entitled to the fund without entering security; citing Keene's Est., 81 Pa. 133. Exceptions having been filed, both on behalf of the daughter and of the accountant as administrator c. t. a., the auditing judge stated at the argument he was inclined to doubt that Keene's Estate was authority for that ruling. The question thus again arises as to the construction of the will, which the auditing judge has intimated might be construed as a dying without issue in the lifetime of the daughter; that is, a definite failure of issue, on the ground that in a gift of personal estate a definite failure will be inferred, Eachus's App., 91 Pa. 105, where in gifts of real estate an indefinite failure will be found under the doctrine of Eichelberger v. Barnitz, 9 Watts, 447, and cases in that line, while the erudite counsel for the exceptants has argued with much force that the case is governed by the doctrine of Mickley's App., 92 Pa. 514; Biddle's App., 69 Pa. 190, and Amelia Smith's App., 23 Pa. 9, that the failure of issue refers to a failure in the lifetime of the testatrix.

It will be noted that the gift purports to be not of personalty alone, but of all the estate of the testatrix, real as well as per-

sonal. Hence the rule of construction applicable to personalty as against real estate cannot be invoked.

Nor is the question affected by the creation of a trust for the daughter. The gift was to her absolutely in the first instance, and the trust superimposed for her protection, and then for the benefit of the sons in case she should not become possessed of it; in other words, an alternate trust in case the estate should vest in either the sons or the daughter at the death of the testatrix. The trust, however, fell at the making of the codicil, and it has been held that an executed trust does not affect the interpretation of the will. See Smith on Executory Devises, 588; Engel's Est., 180 Pa. 215.

We think, however, that the true construction of this will can be reached without going into the intricate questions of definite or indefinite failure of issue by the application of a rule of construction adopted and applied for the last two or three centuries, both in England and here; and that is by reading the word "or" in this will as a conjunction equivalent to "and," and not as a disjunctive. This reading is founded not only upon authority but also upon the natural meaning of the testatrix's will. It is evident from both the will and codicil that the daughter was the primary object of her bounty, and there is no desire to give an estate over unless in the case of the death of both the daughter and the failure of her issue. Now, if we read the will as it is written, and the daughter had married and had issue and then died, prior to her mother's death (which did not occur until some sixteen years after the making of the codicil), the issue would have been disinherited. That this was the intent of the testatrix cannot be inferred. In ascertaining the intent of a testatrix we must look at the facts and circumstances surrounding her at the time of the making of the will, and not at the facts as they subsequently occurred. The testatrix would not have made use of the condition of the gift over upon failure of issue if she had not intended that the issue were to take in any case in preference to the remainder-men, while reading the "or" as "and" gives the issue an estate in case of their mother dying before the testatrix. This in effect is the opinion of Chief Justice TILGH-

MAN in Holmes v. Holmes, 5 Binney, 252, where he reviews at length both the English and American authorities, and in Hauer v. Sheetz, 2 Binney, 532, and Welsh v. Elliott, 13 S. & R. 205; and by Justice ROGERS in Beltzhoover v. Costen, 7 Pa. 13, and Justice SHARSWOOD in Doebler's App., 64 Pa. 9, and has been followed to this day: Menoher's Est., 18 Pa. Superior Ct. 335. Says Chief Justice TILGHMAN, in Hauer v. Sheetz, 2 Binney, 532: "These principles are sound, and the authorities I have mentioned are founded on them, for in order to effectuate the intent of the testator the word 'or' is stripped of its usual disjunctive signification and converted into a conjunction copulative. Why has this been done? Because if it was construed disjunctively the devisee, who was the first object of the testator's bounty, might die under twenty-one leaving children, and those children would be deprived of the estate, which would pass over to other persons. It is very natural that a man should give his son an estate in fee, and yet provide that it should go to a third person in case his son died without issue, and before the age at which the law permitted him to dispose of it, either by contract or by devise; but that he should·give him a fee simple, and then deprive his children of it because he happened to die before twenty-one, is altogether unnatural and improbable. The cases, therefore, that have been cited on this subject stand on a foundation not to be shaken. And Justice SHARSWOOD, in Doebler's App., 64 Pa. 9, puts it thus: "It is unnecessary to consider now what the word 'heirs' means in this connection, because it is abundantly clear, both upon reason and authority, that the clause must be construed as if the conjunctive word 'and' were substituted for the disjunctive 'or' in the sentence. Upon reason: because, if it is construed disjunctively, the devisee, the testator's only son, who was the first object of his bounty, might die under twenty-one, leaving children, and those children would then be deprived of the estate. This is the literal and grammatical construction of the words as they stand. But this most assuredly the testator never intended. Upon authority, for the courts have uniformly, in wills containing exactly the same language, construed the word 'or' to mean

'and.'"   Mayer v. Walker, 214 Pa. 440, is not in point, as in that case there was no reason to suppose testatrix intended to use the words except in their natural sense.

Having thus both reason and authority for it, we can, by reading the word "or" as "and," arrive at once at the testatrix's meaning; and that is, that the gift over is to take effect only in case her daughter died in her lifetime and without issue, and upon her daughter surviving her the real estate vested in her, and she took the personalty absolutely.

The adjudication is modified to the extent that the award is made to her in her own right, and with this modification it is confirmed, and to this extent the exceptions are sustained.

*Error assigned* was in dismissing exceptions to adjudication.

*John Marshall Gest,* for appellant.—The majority of the orphans' court has decided that the will vested an absolute interest in Mrs. Edwards; but in view of the great obscurity of the will and the dissenting opinion of Judge PENROSE, and the inability of the accountant to obtain instructions from those adversely interested, one of whom is a distant nonresident, and the other of whom has not been heard of for many years, the appellant feels as virtual trustee for all parties who may have an interest in the estate, that the will should be construed by the court of last resort, so that if it should be decided that Mrs. Edwards takes an estate subject to a divesting contingency, the remainders over should be protected by the entry of security.

It is, consequently, the duty of the accountant to require security to be entered by the legatee unless relieved therefrom by the consent of the persons contingently entitled, which in this case, by reason of their absence, could not be had. The administrator, therefore, has taken this appeal in order that this obscure will may be finally construed by the highest court and the rights of all parties properly protected: Umstead's App., 60 Pa. 365; Reiff's App., 60 Pa. 361; Koch's Est., 4 Rawle, 268.

*Howard H. Yocum,* for appellee, cited: Hauer v. Sheetz, 2 Binney, 532; Beltzhoover v. Costen, 7 Pa. 13; Doebler's App., 64 Pa. 9; Shreve v. MacCrellish, 60 N. J. Eq. 198 (46 Atl. Repr. 581); Jackson v. Blanshan, 6 Johns. (N. Y.) 54; Wilkins v. Kemeys, 9 East, 366.

PER CURIAM, February 21, 1910:

A majority of the court are of opinion that the decree of the orphans' court should be affirmed for the reasons stated in the opinion of Judge ANDERSON.

---

# Adams, Appellant, *v.* Hubbard.

*Appeals—Equity—Rehearing—Review.*

Where on an appeal from a decree in equity dismissing a petition for a rehearing and a modification of a prior decree, the Supreme Court finds no question raised by the assignments of error that had not been decided, or that could not have been raised for decision in the original proceeding and a former appeal therein, the action of the lower court in dismissing the petition will be sustained.

Argued Jan. 17, 1910. Appeal, No. 298, Jan. T., 1909, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1896, No. 543, dismissing petition for rehearing in case of John Quincy Adams v. George L. Hubbard et al., surviving partners of the firm now or late trading as George K. Hubbard and Company, and Dilworth P. Hibberd Esq., Administrator d. b. n. of the Estate of George K. Hubbard, deceased, substituted in place of George L. Hubbard, removed as administrator. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for rehearing.

*Error assigned* was decree dismissing the petition.

*J. Barton Rettew,* for appellant.

*Samuel P. Tull,* for appellee.