# Bonsall's Estate.

*Wills — Construction — Remainders — "Lineal descendants" — Words and phrases—"Similar or equivalent"—Act of June 29, 1923, P. L. 914.*

1. Under the Act of June 29, 1923, P. L. 914, which provides that where testator directs that after the termination of a life estate, the remainder shall vest in testator's heirs or next of kin or the persons thereunto entitled under the intestate laws "or other similar or equivalent phrase," the same shall be construed as meaning those persons who under the intestate laws are entitled and in existence at the time of the termination of the life estate, the direction of a will vesting the remainder in testator's "lineal descendants according to the intestate laws," is "a similar or equivalent phrase" to "testator's heirs or next of kin or the persons thereunto entitled under the intestate laws."

2. The words "similar" and "equivalent" defined,

Argued November 29, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 229, Jan. T., 1926, by Market Street Title & Trust Co., administrator of estate of Florence Bonsall DeHaven, deceased, from decree of O. C. Phila. Co., July T., 1925, No. 2152, sustaining exceptions to adjudication in estate of Julia H. Bonsall, deceased.   Affirmed.

Exceptions to adjudication of LAMORELLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by GEST, J., VAN DUSEN, J., dissenting, and LAMORELLE, P. J., not sitting. Market Street Title and Trust Co., administrator of Florence Bonsall DeHaven, deceased, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Theodore F. Jenkins,* with him *Alexander M. DeHaven,* for appellant.—A fair inference of the use of the two words "similar" and "equivalent" is that there is

tautology and that the two words were used to mean the
same thing: Baughman's Est., 281 Pa. 23.

*R. M. Remick,* of *Saul, Ewing, Remick and Saul,*
with him *Alfred R. Haig,* for appellees.—The legislature
could not foresee all possible phrases which a decedent
might use to define in general words beneficiaries tak-
ing in remainder, such as by the words "issue," "chil-
dren," "descendants" and the like, but did cover them all
by the words "similar or equivalent phrase."

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1927:
We are here called upon to construe the will of Julia
H. Bonsall and to determine the effect upon it of the Act
of June 29, 1923, P. L. 914.

The testament provided for the creation of a trust of
one-half of the residuary estate, the income from which
was to be paid to a granddaughter, Florence Bonsall
Judge, during life; upon her death the principal was to
go to her child or children, but if she should die "without
leaving child or children surviving or children of de-
ceased child or children, then and in such case the prin-
cipal monies of said Trust Fund shall go to and vest in
my lineal descendants according to the intestate laws of
the State of Pennsylvania." Florence Bonsall Judge
[DeHaven] did so die. Are the lineal descendants to be
ascertained as of the date of testatrix's death or the death
of the life beneficiary? The orphans' court adopted the
latter date applying as the rule of construction the pro-
visions of the act to which we have referred.

The statute, dropping unnecessary words, provides,
"Hereafter when,......by the provisions of any......
will,......property......shall be......devised......
in trust, for the use......of any person......for life,
......and which shall provide therein that upon, the
termination of the estate......for life,......the remain-
der over shall vest in the......testator's heirs or next of
kin or the persons thereunto entitled under the intestate

laws, *or other similar or equivalent phrase,* the same shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate.....for life......under the intestate laws...... as they shall exist at the time of such termination; and such phrases shall not be construed as meaning the person or persons who were the heirs or next of kin...... at the time the testator died"; with a proviso against a construction preventing a testator from expressly or by necessary implication directing otherwise.

Are the words "my lineal descendants according to the intestate laws" a "similar or equivalent phrase" to "testator's heirs or next of kin or the persons thereunto entitled under the intestate laws"? The appellant contends they are not; the court below thought otherwise and so do we.

The statute uses the words "similar or equivalent," and some effect, if possible, must be given to each of them. They should not be declared tautological unless such a conclusion is without escape. In the New Standard Dictionary, "similar" is defined as "bearing resemblance to something else; being alike in quality, nature, degree, purpose or other characteristics, *but not the same or identical.*" According to the Oxford Dictionary, it means "having a marked resemblance or likeness; of a like nature or kind." In Webster's International Dictionary the definition is "nearly corresponding; resembling in many respects; somewhat like; having a general likeness." On the other hand, the Oxford Dictionary defines "equivalent" as "having equal or corresponding import, meaning or significance; what is virtually the same thing; identical in effect." According to Webster it means "equal in worth or value, force, power, defect, import and the like; alike in significance and value; of the same import or meaning." The synonym given is "identical."

Judicially, "similar" has been defined as "nearly corresponding; resembling in many respects; somewhat

alike; having a general likeness" (Frankel v. German, etc., Co., 121 Mo. App. 51, 97 S. W. 961); not "precisely alike" but "with more or less resemblance" (State ex rel. Sigsbee v. Birmingham, 160 Ala. 196, 48 So. 843; Greenleaf v. Goodrich, 101 U. S. 278). In Rhode Island State Hospital Trust Co. v. Olney, 16 R. I. 184, 13 Atl. 118, the court said that "similarity is not identity, but resemblance between different things." "Equivalent" means "of equal value" (Robinson v. Noble's Adm's., 8 Pet. 181, 199), or "equal in value, force, power, effect, import and the like" (McLean v. Moran, 38 Mont. 298, 99 Pac. 836).

Judge GEST speaking for the majority of the court below well said: "Some tangible meaning must be given to the word 'similar' in order to accomplish the evident purpose of the act, which says 'similar or equivalent' thus excluding the interpretation that 'similar' means the same as 'equivalent'; and that 'descendants' are similar to the other classes named, of heirs, next of kin and persons entitled under the intestate laws, is, in our opinion, reasonably clear. 'Lineal descendants according to the intestate laws' is even more similar to 'persons entitled under the intestate laws' than the words 'lineal descendants' would be standing alone."

It may be very safely concluded that the legislature could not foresee every possible wording which a testator might use to define classes of persons to take in remainder (such as "issue," "children," "grandchildren," "descendants" and the like) and determined to cover them all by the expression "similar or equivalent phrase."

Construing the statute in this manner, we have a rule applicable to all cases where there has been a limitation over after the termination of a life estate, and where the language of the gift is analogous to that of the statute. We think this will carry out the real purpose and intent of testators in almost every instance, and, as it does in this case, will keep the title of property in the hands of those of testator's own blood.

The decree is affirmed at appellant's cost.