## Landis et al. v. Bryer et ux.

K. L. *Shirk* and *F. S. Groff*, for plaintiffs; *Chester A. Diller*, for defendants.

SCHAEFFER, J., August 1, 1934.—This is a case stated to determine title to real estate. Samuel N. Martin died seized of a certain tract of real estate in Salisbury Township, Lancaster County, Pa., on January 7, 1926, leaving a last will dated the same day as his death, duly probated and recorded in the office of the Register of Wills of Lancaster County, in will book G, volume 3, page 92, which is as follows:

"January 7, 1926.

"After my death all my money and property goes to my dear wife, Elizabeth. After her death it shall go to my daughter, Marian. After her death be divided between her husband and spouse. Also pay all my honest debts. Give me a decent buring and erect a fine Tome Stone. Executor, my wife.

"SAML N MARTIN.

"Witnesses
MARIAN V. LANDIS
JOHN S. LANDIS"

The testator left to survive him a widow, Elizabeth Martin, who subsequently married David L. Landis, and one child, a daughter, Marian V. Landis, who married John S. Landis.

On March 2, 1934, plaintiffs agreed to convey said premises to defendants for $6,400. The deed tendered to the defendants for the premises in question was executed by Elizabeth Landis, the widow of Samuel N. Martin, deceased, and her present husband, David L. Landis, and Marian V. Landis, the daughter, and John S. Landis, her husband, as the heirs of Samuel N. Martin, deceased. The defendants refused to accept the deed because they allege that the interest of said John S. Landis is not sufficiently vested in him and is a contingent remainder.

It is apparent that both the widow and the daughter of Samuel N. Martin, deceased, have life estates under the will of the said testator. It is difficult to determine exactly what the testator really meant or intended by providing that after the death of his daughter his estate "be divided between her husband and spouse." The words "husband and spouse" might be construed as being synonymous and one merely descriptive of the other. However, the testator in his

will expressly states that his estate be divided after the daughter's death between two parties. This would indicate that the testator had not only the surviving husband of the daughter in mind, but also some other party or class. The daughter of the decedent could not fall within the class of spouse as used by testator because a division between "her husband and spouse" is fixed at the time of her death. A literal adherence to the word "spouse" in the will in question results in a legal paradox. The only reasonable construction, although it is not warranted by any portion of the will, is that the testator meant to use the word "issue" instead of "spouse". The courts have permitted a substitution of certain words in wills where other clauses in the will warranted it. The word "and" has been substituted for "or", or vice versa, and "if" for "when": Hyde et al. v. Rainey et al., 233 Pa. 540; Edwards' Estate, 227 Pa. 299. In Johnson, Trustee, v. Johnson et al., 128 Ind. 93, 27 N. E. 340, the court held that the clause "with any children of their own" should be read "without any children of their own"; and in State ex rel. v. Joyce et al., 48 Ind. 310, the word "majority" was substituted for "minority". In Bahill's Estate, 21 Lanc. 318, the words "the other half" were substituted for "the said one-half". However, in Corr's Estate, 202 Pa. 391, it was decided by Penrose, J., in the court below that the court has "no right to alter or pervert the expressed words of a testator in order to effect an assumed intention; interpretation is not to usurp the place of reformation". The situation is thus presented in the interpretation of the will under consideration to construe what is an apparent absurdity or substitute for the words of the will others contrary in meaning, without the assistance of anything in the context of the will to justify such construction. It presents a case almost similar to Plumer's Estate, 67 Pitts. 171, in which the literal import of one clause was, "I give to my widow after she is dead one third of my estate". The court cannot make logical that which is absurd, and therefore the conclusion is reached that Samuel N. Martin died intestate as to the remainder or interest covered by the word "spouse". According to the record, the widow of the decedent and his daughter, hereinbefore named, are his heirs under the intestate laws.

The defendants take the position that the class spouse or wife of decedent's son-in-law, should be determined, under the law, as of a time after the determination of the two life estates. They rely upon the Act of June 29, 1923, P. L. 914, Bonsall's Estate, 288 Pa. 39, and Schwab's Estate, 40 Lanc. 22. The Act of 1923 provides that when, by the provisions of any will, property, either real or personal, shall be devised or bequeathed, either directly or indirectly, and it is provided therein that upon the termination of the estate for years or for life the remainder over shall vest in the testator's heirs or next of kin or the persons thereunto entitled under the intestate laws, or similar or equivalent phrase, the same shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate for years or for life as they shall exist at the time of such termination, and such phrases shall not be construed as of the time when testator died. A son-in-law of testator does not fall within the classes named in this act of assembly. The phrase "husband of the daughter" cannot be construed as being "similar or equivalent" to the statutory phrases contained in said act. In Bonsall's Estate, 288 Pa. 39, it is said in the opinion, "It may be very safely concluded that the legislature could not foresee every possible wording which a testator might use to define classes of persons to take in remainder (such as 'issue,' 'children,' 'grandchildren,' 'descendants' and the like) and determined to cover them all by the expression 'similar or equivalent phrase'.

". . . We think this will carry out the real purpose and intent of testators

in almost every instance, and, as it does in this case, will keep the title of property in the hands of those of testator's own blood."

Accordingly, the husband of the decedent's daughter must be determined as of the time of testator's death. This party is John S. Landis, one of the plaintiffs. It has been decided frequently that in cases of doubtful construction of a will the law leans in favor of an absolute rather than a defeasible estate, and of a vested rather than a contingent one.

The plaintiffs being the only parties in interest under the will of said decedent and under the intestate laws, and being sui juris, can therefore convey a good and marketable title in fee simple to the defendants in accordance with the agreement of sale for said property.

While it is not obligatory, nevertheless it might have been the better practice to proceed in the orphans' court under the Revised Price Act of June 7, 1917, P. L. 388.

And now, August 1, 1934, judgment is entered for the plaintiffs against the defendants in the sum of $6,300, being the balance due of the purchase price for said premises.                    From George Ross Eshleman, Lancaster, Pa.