Moeslein Estate.

Argued May 21, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for appellant.

*William M. Gross,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 26, 1973:

Edward Moeslein (decedent) died, testate, on February 22, 1927, survived by three sons, seven grandchildren and six great grandchildren.

Paragraph Seventh of his will set up a trust of his residuary estate which provided that the income from the trust should be paid to his sons, each son to receive

one-third of the income for life[1] and, upon the death of each son, that son's share should "revert to and become part of the corpus" of the estate. Paragraph Eighth of the will provided that, in the event a son should predecease his wife (*i.e., that person who was his wife at the time decedent executed his will*), the surviving widow be given $1,500 annually for her support and maintenance "so long as she lives and remains unmarried." Upon the death or remarriage of such widow, the "annuity" should "revert to and become part of the corpus of [decedent's] estate."

The crucial portion of this will insofar as this appeal is concerned is paragraph Ninth: "Upon the death of all of my said sons and the death or remarriage of the surviving widows (i.e., the present wives of my sons as of the date of this my will) of my said sons, I give, devise and bequeath the corpus of my estate to my grandchildren, *their heirs and assigns, share and share alike, absolutely.*" (Emphasis added) Decedent's wife had died twelve years prior to the date of both the will and decedent's death. All of the decedent's sons and their wives[2] died on or before October 28, 1968.[3] Of decedent's seven grandchildren—living at the time decedent died—four are still living; each of the three deceased grandchildren left issue.

One of the decedent's grandchildren, Edward K. Moeslein, left one child, a son, Edward K. Moeslein, Jr. (the present appellant), and had twenty years after

---

[1] The share to one son, William Moeslin, was to be held in trust for the support of that son and his wife during the son's life and, upon the son's death, for the expense of his "decent interment." Any balance of unpaid income was to be kept by the trustees as a separate fund to be paid to that son's children, "share and share alike, at the time of the final distribution of [decedent's] estate."

[2] None of the sons was divorced and none of their wives remarried after their husband's death.

[3] The date of death of the last surviving widow.

decedent's death been divorced from appellant's mother and, ten years later, had remarried Lucille Moeslein. Subsequent to his remarriage, Edward K. Moeslein, the grandchild, made a will giving all of his estate, "including any right, title or interest given or bequeathed" to him under the decedent's will, to Lucille Moeslein.

The present controversy is between this great grandchild of decedent and his stepmother. The former (appellant) contends that he is entitled to the share which his father would have taken had he been alive when the last survivor of all decedent's sons and their wives died, to wit, October 28, 1968. The latter (appellee) contends that her deceased husband had an interest which had become vested at the time of decedent's death to which interest she became entitled under the will of her deceased husband. Basically, the issue is whether the class of remaindermen should be determined as of the date of decedent's death in 1927 or as of the date of death of the last life tenant in 1968.

The Orphans' Court Division of the Court of Common Pleas of Dauphin County held that Edward K. Moeslein—decedent's grandson—had received under the will of his grandfather a remainder interest which became vested at the time of decedent's death in 1927. From that decree the present appeal was taken.

The court below, believing that the intent of decedent was not clear in designating *when* the class of remaindermen was to be ascertained, considered the applicability of a canon of construction set forth in the Act of June 29, 1923, P. L. 914, 21 P.S. §§11, 12,[4] now repealed by the Act of April 24, 1947, P. L. 100, 20 P.S. §301.20. That canon of construction requires that when property, real or personal, is devised or bequeathed by

---

[4] This statute applies to the wills of persons dying after December 31, 1923, and prior to January 1, 1948.

a will "either directly or in trust, for the use and benefit of any person . . . for years or for life or upon condition" and the will provides that upon the termination of the estate for years or for life, the remainder over shall vest in "the donor's or testator's heirs or next of kin or the persons thereunto entitled under the intestate laws, or other similar or equivalent phrase," that this phrase shall be construed as meaning the persons entitled thereto at the termination of the estate for life.[5]

To the contention of appellee that this statute of 1923 did not apply because the interest which immediately preceded final distribution, *i.e.*, the $1,500 annual payment, was not a life estate but an "equitable charge" (*see Flinn Estate*, 383 Pa. 79, 118 A. 2d 192 (1955)), the court below responded that the interests of the surviving widows and remaindermen in *Flinn* and those in the instant case were clearly distinguishable. To the contention by the appellant that this statute of 1923 was applicable, the court below held that the testamentary language in this case did not satisfy the requirements of that statute.[6]  However, we are of the view that the result reached by the court below was correct in that the interest of Edward K. Moeslein in decedent's estate became vested at the time the will became effective, *i.e.*, at the time of decedent's death in 1927 and that invocation of the Act of 1923, *supra*, is unnecessary because a reading of this will reveals the intent of the decedent, if not specifically at least by necessary implication.

At the time decedent executed his will he had, in addition to his three sons, seven grandchildren and six

---

[5] This 1923 statute contains the caveat: "That nothing herein contained shall be construed to prevent any donor or testator from expressly or by necessary implication directing otherwise."

[6] The court below relied, in part, on *Jessup Estate*, 441 Pa. 365, 276 A. 2d 499 (1970). The language in *Jessup* was dicta. *See Bonsall's Estate*, 288 Pa. 39, 135 A. 724 (1927).

great grandchildren, all of whom he knew. In his will he gave the corpus of his estate to his "grandchildren" and made no mention whatsoever of his then living great grandchildren. True it is that he used the phrase "their heirs and assigns," which would have included grandchildren of any son had such son predeceased the decedent. However, this phrase is not one of purchase but of limitation and describes an absolute and unconditional estate. Moreover, the will expressly provided that the grandchildren would take "share and share alike," which clearly indicates that the decedent intended to vest in his grandchildren living at the time of his death an equal interest in his estate to be enjoyed after the deaths of decedent's three sons and their wives. Any doubt as to the nature of the interest to be received by the grandchildren is resolved further by the use of the word "absolutely," which unequivocally reveals an intent to make a gift absolute in nature, without condition or contingency, to his grandchildren. At the time of decedent's death the grandson, Edward K. Moeslein, had a vested interest which he passed on by will to his wife, Lucille Moeslein.[7]

Decree affirmed. Costs to be paid by the estate.

---

[7] That the result of our decision is to pass an interest in his estate to a person who is not of the decedent's bloodline cannot fault the clearly revealed intent of decedent to vest an interest in his grandchildren at the time of his death.