JAMES E. STOVER V. DAVID M. HOUGH ET AL.

FILED APRIL 7, 1896.    No. 6341.

1. **Summons:** SERVICE BY PUBLICATION: PROCEEDING TO OPEN JUDGMENT: EVIDENCE. To entitle a party, under the provisions of section 82 of the Code of Civil Procedure, to open a judgment rendered against him upon service by publication, it must appear that he had no actual notice of the pendency of the action in time to appear therein and make his defense. Should he fail to establish the want of such notice by a preponderance of the evidence, the motion to open the judgment must be denied, although all other requirements of said section have been complied with.

2. ———: ———: ———: ———. On the hearing of an application to open a judgment under said section 82, the adverse party may present counter affidavits to establish that the applicant had actual notice of pendency of the action a sufficient time before judgment to appear in court and make his defense.

3. **Trial to Court:** INCOMPETENT EVIDENCE: HARMLESS ERROR. A judgment will not be reversed merely for the admission of incompetent or irrelevant evidence in a cause tried to the court without a jury.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Andrew Bevins*, for plaintiff in error.

*Henry P. Stoddart* and *William E. Healey*, contra.

NORVAL, J.

This is a proceeding in error to review the action of the district court in refusing to open a judgment rendered therein against James E. Stover, upon service by publication alone. On the 4th day of October, 1888, David M. Hough and Charles P. Ford instituted an action in the district court of Douglas county against James E. Stover and Anna Stover, copartners as James E. Stover & Co., on an account for boots and shoes alleged to have been sold and delivered by plaintiffs to defendants. An order of attachment was issued on the ground of non-residence of the defendants, and certain real estate was attached. Service of summons was made in the cause by publication only, and the defendants made no appearance. The default of James E. Stover was entered by the court on May 2, 1889, and nine days later judgment was rendered against him and in favor of the plaintiffs in the sum of $580.90, and it was further ordered that the attached property be sold. On the 21st day of June, 1892, James E. Stover filed a motion in said cause to open said judgment under the provisions of section 82 of the Code of Civil Procedure and permit him to defend. The motion was accompanied by an answer, consisting of a general denial of the allegations of the plaintiffs' petition, also the affidavit of Mr. Stover setting forth that no service of summons was had upon him except by publication, and that he had no actual notice of the pendency of the suit in time to appear and defend before such judgment was rendered against him. Notice of the motion was duly given to the plaintiffs, a hearing was had upon affidavits and counter-affidavits and

documentary evidence, and the motion was over-
ruled by the court, which order is before us for
review.

By section 82 of the Code of Civil Procedure, a
party against whom a judgment has been ren-
dered, upon service by publication merely, is enti-
tled as a matter of right to have the judgment
opened and be let in to defend, upon complying
with the provisions of said section.    The applica-
tion must be made within five years after the
entry of the judgment, and it must be made to
appear that the defendant had no actual notice of
the pendency of the action in time to appear in
court and make his defense.    The application in
this case to open the judgment was timely made.
The controverted question is whether Stover had
actual notice of the pendency of the suit.    Mr.
Stover in his affidavit states positively that he had
no such notice.    Upon the hearing of the motion
there were read the affidavits of William H. Duf-
field and E. G. McGilton.    The former deposed, in
effect, that prior to the month of October, 1888,
affiant received a conveyance from the defendant
Stover for certain real estate described in the affi-
davit by metes and bounds, being the same prem-
ises which were attached in this action; that in
said month of October, or during November of the
same year, which was after the publication of the
summons, and more than five months prior to the
date of the judgment, affiant had a conversation
with defendant in the city of Chicago, during
which "Stover stated to and informed the affiant
that the real estate above referred to had been
attached in a suit brought against him by Hough
and Ford; and that the amount of the claim of
said firm against him for which such suit was

brought was about $500," and further, that such attachment proceedings had been commenced but a short time prior to the date of said conversation. E. G. McGilton deposed, substantially, that he is one of the attorneys herein; that in the month of April, 1889, about a week before the end of said month, he met Stover in the latter's place of business, located on Thirteenth street, between Harney and Howard streets, in the city of Omaha, and at that time and place deponent informed Stover of the pendency of this action against him, to which the defendant replied that he was aware of that fact, but that plaintiff would never be able to collect a dollar, for the reason that he, Stover, had nothing, and that the property seized under the writ of attachment did not belong to him, but to his father-in-law; furthermore, that the defendant in the same conversation admitted the validity of the account upon which suit was brought, and that he was individually liable for the payment thereof. James E. Stover testified in rebuttal that he is not acquainted with the said E. G. McGilton, and never conversed with him upon any subject, and that defendant did not commence business at the place in which McGilton stated the conversation occurred, nor in that vicinity until December 26, 1891. The defendant, in one particular,—namely, as to the time he commenced business on South Thirteenth street, in Omaha,—is corroborated by the testimony of two or more witnesses. The defendant, however, failed to deny having the conversation testified to by Mr. Duffield, which occurred in Chicago prior to the rendition of the judgment in question. While the evidence adduced on the hearing in the district court was conflicting, it was sufficient to

justify the finding that the defendant had actual notice of the pendency of the suit in ample time to have made a defense had he desired to do so. Having had such notice, the motion to open the judgment was properly denied. (*Merriam v. Gordon*, 20 Neb., 405.)

It is claimed the court erred in admitting in evidence the affidavits of Duffield, McGilton, and Healey. The section of the statute above referred to expressly provides that the adverse party, on the hearing of an application to open a judgment, may present counter-affidavits for the purpose of showing that the defendant had notice of the pendency of the suit in time to appear in court and make his defense. The affidavits objected to tended to prove that the defendant had actual notice of the pendency of the action, hence the court did not err in admitting them.

It is urged that there was error in admitting the transcript of the evidence of James E. Stover and Andrew Bevins, given in another action. A sufficient answer to the contention is that the hearing was to the court without a jury, therefore the admission of incompetent or irrelevant evidence is not reversible error. (*Enyeart v. Davis*, 17 Neb., 228; *Richardson v. Doty*, 25 Neb., 424; *Ward v. Parlin*, 30 Neb., 376.) Excluding the evidence which is made the basis of this assignment, there yet remained sufficient competent evidence to sustain the order of the court.

It is stated in the brief that more than six months after the suit was brought the plaintiff voluntarily dismissed it as to all the defendants except James E. Stover, and the judgment sought to be opened was not rendered in the original action, but is a judgment against James E. Stover

personally. The record fails to disclose a voluntary dismissal as to any defendant. It is true judgment was entered against James E. Stover alone; yet if there was any error in rendering a judgment against one of the partners, conceding the action was against the firm and not the individual members thereof, it cannot be reviewed in this proceeding, since such judgment was pronounced more than one year before the cause was brought to this court. (Code, sec. 592.)

We discover no reversible error in the record, and the order is

AFFIRMED.