MARY J. CLARK v. WILLIAM· W. TULL and REBECCA TULL,.
Appellants.

Judgments in rem:   PLEADING.  A petition which declared on a.
note, alleged that defendants were non-residents, and asked a
writ of attachment against their property, was sufficient to.
entitle plaintiff's to a judgment against the property.

JURISDICTION TO RENDER:  Personal service outside of state.  Per-
sonal service of a notice of a suit accepted by defendants out-
side of the state more·than sixty days before default and judg-
ment, gives the court jurisdiction to render judgment on attach-
ment against defendant's land.

New Trial:   PERSONAL SERVICE OUTSIDE OF STATE.  Code, section
3796, authorizing a new trial on application of a defendant served.
by publication only, within two years after rendition of judg-
ment, does not apply where personal service instead of service·
by publication, was made on non-residents.

Form of Judgment:  ESTOPPEL TO COMPLAIN OF:  Objections.  Where
defendants objected to a personal judgment because service·
of notice was accepted outside of the state, and the judgment.
was so modified as to leave it in rem only, they could not com-
plain of the court's ruling, since the judgment was modified to·
meet their objections.

Attachments:  DISCHARGE ON MOTION:  Must be had before trial.
Under Code, section 4929, which authorizes the discharge· of·
attached property on motion.before trial for. insufficiency of·
statement, etc., a levy and sale thereunder could not·be set.
aside and discharged, on motion, after final adjudication and
order of special execution and sale of the property.

Appeal from Lee District Court.—Hon. HENRY BANK, JR.,.
Judge.

FRIDAY, JANUARY 25, 1901.

APRIL 4, 1899, the plaintiff obtained a judgment by de-
fault against the defendants.  On the twenty-sixth of Oc-
tober 1899, the defendants moved to set aside the default
and judgment.  This was overruled, and ·on the twenty-'

seventh day of December, 1899, the motion was renewed, and again overruled. The defendants appeal.—*Affirmed.*

*John L. Benbow* for appellants.

*Casey & Stewart* for appellee.

SHERWIN, J.—The petition upon which the plaintiff recovered judgment was an ordinary one declaring on a promissory note, alleging that the defendants were non-residents of the state, and asking a writ of attachment against their property. Personal service of the original notice was accepted by both defendants without the state more than 60 days before default and judgment. An attachment was issued and levied upon real estate of the defendants, and on final judgment was sustained, and special execution ordered and issued, under which the land was sold to satisfy the judgment. The judgment was rendered April 4, 1899, and was both personal and in rem. The defendants' motion of October 26, 1899, objected to the personal judgment because service of notice was accepted out of the state. The judgment was modified so as to leave it in rem only. Defendants' motion of December 27th objected to a judgment in rem on the ground that the petition did not warrant it, and also asked that the property be released from the levy and sale because of its homestead character. Appellants are in no position to complain of the ruling on their first motion, for the judgment was modified to meet their objection thereto. The petition was sufficient to entitle the plaintiff to a judgment against the property. *Griffith v. Harvester Co.,* 92 Iowa, 634, and cases there cited. The service of the original notice gave the court complete jurisdiction to render the judgment it did. Hence the judgment was a valid one. See same case. It is clear that section 3796 of the Code does not apply to this case, because here there was personal service outside of the state. *McBride v. Harn,* 52 Iowa,

79; *Griffith v. Harvester Co., supra.* This being true, the defendants were too late to have the default and judgment set aside. Could the levy and sale thereunder be set aside and discharged on motion? We think not. Section 3929 of the Code provides only for the discharge of attached property on motion before the trial. Surely, after a final adjudication establishing a lien and ordering a special execution and sale thereunder, the property cannot be discharged on a motion, particularly where it is based upon facts not apparent of record before. *Tidrick v. Sulgrove,* 38 Iowa, 339; *Cox v. Allen,* 91 Iowa, 462; *McLaren v. Hall,* 26 Iowa, 300. The motions were properly overruled.—Affirmed.